IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                            Case No. 17-cr-1913-003 RB

JEREMY W. GOUGH,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the letter Gough sent on July 11, 2022. (Doc. 223.) Gough requests a reduction in sentence, in part because he recently lost his mother and because his grandmother is 98 years old and has been diagnosed with covid. (*See id.*) The Court will construe Gough's letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Having considered the letter and the relevant law, the Court will deny the motion without prejudice.

**I.     Background**

On December 13, 2017, Gough pled guilty to an Indictment charging (1) conspiracy to distribute 500 grams and more of a mixture and substance containing methamphetamine under 21 U.S.C. § 846; and (2) possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (*See* Docs. 3, 116.) On February 21, 2018, the Court sentenced Gough to 120 months of imprisonment. (Doc. 141.) Gough has served approximately 60 months of his sentence and his anticipated release date is February 19, 2026. *See Inmate Locator,*

https://www.bop.gov/inmateloc/ (last visited July 13, 2022). Gough now moves the Court to reduce his sentence. (Doc. 223.)

**II.     Analysis**

Although Gough does not cite statutory authority for his request, the Court construes his motion as one seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Gough fails to provide information on whether he exhausted his administrative remedies for purposes of his request. (*See* Doc. 223.) Should he file a more detailed motion in the future, Gough should first exhaust the administrative remedy process available to him and provide evidence of exhaustion with his motion.

Gough asserts that extraordinary and compelling circumstances exist because he recently lost his mother and because his grandmother, who is 98 years old, has covid. (Doc. 223.) Section 3582(c)(1)(A)(i) permits a sentencing court to grant a motion for compassionate release where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1). The statute does not define what constitutes "extraordinary and compelling reasons." Instead, "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *United States v. Handerhan*, No. 1:10-CR-00298, 2019

WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019). The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13 to include, in relevant part, "Family Circumstances," which include "[t]he death or incapacitation of the caregiver of the defendant's minor child" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S. Sentencing Guidelines Manual § 1B1.13, app. 1(C)(i)–(ii). Subsection (D) allows a reduction for "other extraordinary and compelling reasons that exist but are not listed in the note." *Id.* § 1B1.13, app. 1(D).

Section 1B1.13 does not explicitly provide for compassionate release to care for a relative other than a spouse, registered partner, or child. Even if it did, Gough does not allege that his grandmother is incapacitated or unable to care for herself or that he is the only family member capable of caring for her. Consequently, Gough fails to show extraordinary and compelling circumstances exist for release on this basis. As the Court has not found extraordinary and compelling reasons exist to grant a sentence reduction, it declines to analyze whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of release.

**THEREFORE,**

**IT IS ORDERED** that Gough's letter motion for a sentence reduction is **DENIED without prejudice**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE