IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                                                      No. 5:17-CR-1913 RB

JEREMY WAYNE GOUGH,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Jeremy Wayne Gough's Motion for Sentence Reduction Under 18 U.S.C.§ 3582(c)(1)(A). (Doc. 225). Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I.**      **Background**

On December 13, 2017, Gough pled guilty to an 11(c)(1)(c) plea agreement charging (1) Conspiracy to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 846; and (2) Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (*See* Docs. 115–16.) On February 21, 2018, the Court sentenced Gough to 120 months imprisonment as to each count with the terms to run concurrently. (Doc. 141.) Gough has served approximately 75 months of his sentence and his anticipated release date is February 19, 2026. (See www.bop.gov/inmateloc/ (last visited Nov. 24, 2023). Gough previously sent a letter requesting compassionate release on July

1

11, 2022, based on family circumstances. (Doc. 223.) The Court denied Gough's request. (Doc. 224.)

**II.    Discussion**

Gough seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). The Government states that "[a]lthough Gough did not submit a copy of his request to the warden, the warden's letter denying relief is sufficient to establish that Gough has exhausted his administrative remedies as of September 28, 2023 . . . ." (Doc. 228 at 6.)

Gough asserts that extraordinary and compelling circumstances exist because he needs to take care of his grandmother. (Doc. 225 at 5.) Gough alleges that his grandmother is 99 years old, is not well, and lives alone. (*Id.*) Gough provides no evidence to support his claim that his grandmother is incapacitated or unable to care for herself or to establish that he is the only caregiver available to care for his grandmother. *See, e.g.*, BOP Program Statement § 1B1.13(b)(3). Consequently, Gough fails to establish that extraordinary and compelling circumstances exist for compassionate release. The Court will deny the motion on this basis.

Had Gough shown that extraordinary and compelling reasons for compassionate release existed, the Court would have also needed to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2). The Government argues that Gough's recidivist criminal history and offense conduct demonstrate that he would pose a public safety threat if his sentence were reduced. (Doc. 228 at 10.) Because Gough has not shown any reason to grant compassionate release, the Court declines to analyze whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of release.

**THEREFORE**,

**IT IS ORDERED** that Gough's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 225) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE